UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.: 4:13-cv-10106-JLK

KAREN CABANAS VOSS,

       Plaintiff,

vs.

CITY OF KEY WEST, FLORIDA,

       Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO RELIEF AND DAMAGES

**THIS CAUSE** has come before the Court upon Plaintiff Voss's Motion for Summary Judgment as to Declaratory and Injunctive Relief and Damages (DE #58). The Court having already granted Plaintiff Voss summary judgment against the City as to liability (DE #53), Plaintiff Voss now seeks summary judgment as to the relief flowing from the City's liability. This Motion is fully briefed,[1] and the Court heard oral argument on this Motion on September 25, 2014.

Plaintiff seeks by the instant motion a finding that she is entitled to damages, and asserts that there is no genuine issue of material fact that she should be awarded back pay in the amount of $111,219.03,[2] inclusive of prejudgment interest. In addition to this amount, Plaintiff seeks both a formal final declaration from this Court that the City's mandatory drug testing policy is unconstitutional, and a permanent injunction against its future application. The City argues in its Response in Opposition first that Plaintiff, as an applicant for employ, should not be entitled to damages, and alternatively, that the amount of damages to be awarded is in fact in dispute and that both damages and mitigation are issues that should be left to the jury. Defendant further

---

[1] Defendant filed its Response in Opposition (DE #60), on July 23, 2014, and Plaintiff filed its Reply in Support of its Motion (DE #66) on July 30, 2014.

[2] Per Plaintiff's Reply in Support of the instant Motion (DE #66), Plaintiff is no longer seeking and has withdrawn any claim for front pay.

argues that a declaration that the City's policy is unconstitutional is unnecessary, or alternatively, that the declaration Plaintiff seeks by its Motion is overbroad, and that a permanent injunction against the policy's future application is unnecessary because they wouldn't try to apply it ever again in light of this Court's prior ruling on liability, or alternatively, that the injunction sought by Plaintiff is overbroad. As described more fully below, the Court finds that Plaintiff's Motion should be granted in part and denied in part, and that this case should proceed to trial on the issues of amount of damages owed to Plaintiff and the reasonableness of Plaintiff's efforts to mitigate her damages. As the Court assured the Parties at oral argument, the Court shall take up issues of declaratory relief and injunction after the trial.

## I. Background

The facts, background, and legal issues underlying this case are adequately detailed in this Court's May 9, 2014 Order Granting Plaintiff's Motion for Summary Judgment as to Liability (DE #53), and need not be repeated in depth herein.

Briefly summarized, and as relevant to the instant Motion, the Court has already found that the City's policy of suspicionless pre-employment drug testing of all applicants for employ with the City, regardless of position, as applied to Plaintiff Voss's application for employment as the City of Key West's Solid Waste Coordinator, was unconstitutional. Plaintiff's refusal to comply with this unconstitutional pre-employment condition resulted in the City's offer of employ being rescinded, and the job was offered to someone else.

## II. Legal Standard on Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–24.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157

(1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Analysis

Having established liability, Plaintiff now moves for summary judgment against the City on the issue of relief to be accorded her due to the City's violation of her constitutional rights. She claims that there is no genuine issue of fact, and that she is entitled to summary judgment as a matter of law, on both the issues of entitlement to damages and the amount of those damages. She further claims that summary judgment is appropriate as to the reasonableness of her efforts to mitigate her damages. Finally, Plaintiff at this stage seeks a final declaration that the City's policy is unconstitutional, and requests a permanent injunction against the policy's future employment. As discussed below, the Court finds that summary judgment is appropriate only on the issue of entitlement to damages, but that both the amount of damages and the reasonableness of her mitigation efforts are inherently fact questions to be left to the jury.

a. **Entitlement to Damages**

Plaintiff claims entitlement to money damages, specifically back pay, on the principle that "when an employer refuses to hire a job applicant for an unconstitutional reason, the Court should award the job applicant equitable remedies like those she would receive in a Title VII action, including back pay." (DE #66 at 2) *See Harkless v. Sweeny Indep. Sch. Dist.*, 427 F.2d 319, 324 (5th Cir. 1970) ("Section 1983 was designed to provide a comprehensive remedy for the deprivation of federal constitutional and statutory rights. The prayer for back pay is not a claim for damages, but is an integral part of the equitable remedy of injunctive reinstatement. Reinstatement involves a return of the plaintiffs to the positions they held before the alleged unconstitutional failure to renew their contracts. An inextricable part of the restoration to prior status is the payment of back wages properly owing to the plaintiffs, diminished by their earnings, if any, in the interim. Back pay is merely an element of the equitable remedy of reinstatement");[3] *Gurmankin v. Costanzo*, 626 F.2d 1115, 1120–21 (3d Cir. 1980) (holding that unconstitutional policy resulting in refusal to hire required equitable remedies comparable to Title VII remedies, including back pay, and reasoning that "[t]here is no distinction in the law of equitable remedies between suits brought under Title VII and suits brought in reliance on 42 U.S.C. s 1983.") Courts discussing the remedy of back pay in this realm have referred to it as one of the means to "make whole" injured plaintiffs. *See, e.g., Gurmankin*, 626 F.2d at 1121.

The City argues that Plaintiff should not be entitled to money damages principally because she was not ever actually employed by the city, that there is a difference between an applicant and an employee, and the appropriate relief to be accorded her therefore is simply injunctive relief. (DE #60 at 5). In granting Plaintiff's Motion for Summary Judgment as to liability, the Court already dealt with and rejected the City's argument that Plaintiff's status as an applicant rather than an employee defeats her constitutional claims. *See* Order Granting Summary Judgment as to Liability, DE #53 at 12–13. The City, who had offered Plaintiff the job

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

and given her a start-date, imposed an unconstitutional pre-employment condition, and her refusal to comply with that unconstitutional condition resulted in her not getting hired. Having found the City's policy to have violated Plaintiff's constitutional rights, irrespective of her status as an applicant or an employee, the Court must similarly reject the City's argument that this distinction affects her entitlement to relief for that violation. Further, the City's claim that Plaintiff should only be entitled to injunctive relief does not conflict with an award of back pay; the damages Plaintiff seeks in the form of back pay is "an integral part of the equitable remedy of injunctive reinstatement." *Harkless*, 427 F.2d at 324. Accordingly, Plaintiff is entitled to damages, if she can prove them.

### b. Amount of Damages

Plaintiff asserts that she is entitled of an award of back pay totaling the salary and benefits she would have earned as the Solid Waste Coordinator had the City not unconstitutionally conditioned her employment on her taking a drug test. Plaintiff asserts that this amount is knowable and totals out to $102,058.44, which is calculated from her start date of February 11, 2013 through the predicted date of judgment of August 11, 2014. In addition, Plaintiff asserts that she is entitled to prejudgment interest in the amount of $9,160.59. Plaintiff also claims as an element of damages certain moving expenses incurred when she was forced to move out of Key West due to her inability to find work there.

The City responds that Plaintiff has miscalculated her damages, and that at any rate, any damages to be awarded in this case is a question of fact best left to the jury. The City further argues that the question of whether Plaintiff's moving expenses were at base caused by the City's refusal to hire her, or whether her decision to move was not a part of a reasonable effort to mitigate her damages is similarly a question of fact for the jury. The Court agrees with the City on both points. Plaintiff will have to prove her damages, to the jury at trial.

### c. Reasonableness of Mitigation

In support of her Motion for Summary Judgment as to relief, Plaintiff submitted a declaration that, among other things, detailed her efforts to find work after the City refused to

5

hire her. *See* DE #59-1. Plaintiff recognizes that "an award of back pay depends on a plaintiff's reasonable efforts to mitigate her damages and is offset accordingly," (DE #58 at 12). Indeed, an "injured victim has a duty to mitigate damages by being reasonably diligent in seeking substantially equivalent employment." *EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1251–52 (11th Cir. 1997). Plaintiff asserts that her declaration adequately establishes that her efforts to mitigate her damages and find substantially equivalent employment were reasonable.

Defendant recognizes that it has the burden of proving that Plaintiff has failed to discharge this duty to mitigate, and it must show that Plaintiff did not make reasonable efforts to obtain comparable work, or that such was available but not sought by Plaintiff. Defendant argues, however, that deciding issues of reasonableness of mitigation efforts is not proper at the summary judgment stage, and that this issue is best left to the jury. *See Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430 (7th Cir. 1992) ("the issue of mitigation is a question of fact for the jury."); *Degitz v. Southern Mgmt. Servs.*, 996 F. Supp. 1451, 1463 (M.D. Fla. 1998). The City points out, for example, that Plaintiff's efforts to find work did not include any attempt to practice law, even though she previously worked in private practice and has been a member of the Florida Bar since 1998, and that the jury could conclude therefore that her mitigation efforts may not have been reasonable. The Court agrees with Defendant that the reasonableness of Plaintiff's mitigation efforts is an issue to be decided by the jury at trial.

### d. Declaratory and Injunctive Relief

In addition to the damages referred to above, Plaintiff seeks on summary judgment the entry of a final declaration that the City's policy is unconstitutional, and requests a permanent injunction against its future enforcement. The city responds that a declaration is not necessary because the Court's grant of summary judgment as to liability is enough, and further takes the position that an injunction is not necessary because that same grant of summary judgment will essentially prevent the City from applying the policy in the future.

The Court informed the parties at Oral Argument that it would take up the issue of the

proper scope of both the declaratory and injunctive relief after the Parties have submitted closing argument in the trial. Accordingly, the Court will not further discuss these issues herein.

### IV. Conclusion

Plaintiff has established that she is entitled to damages. The amount of damages, however, must be established by Plaintiff at trial. Contested issues of material fact cannot be resolved on summary judgment. Those questions must be left to the trier of fact.

Therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. Plaintiff Voss's Motion for Summary Judgment as to Declaratory and Injunctive Relief and Damages **(DE #58)** is hereby **GRANTED IN PART** as to Plaintiff's entitlement to damages only, subject to her proof at trial. To the extent the instant Motion seeks summary judgment as to the amount of damages to be awarded, that Plaintiff's efforts at mitigation were reasonable, or entry of a declaratory decree or injunction, the same is **DENIED** without prejudice to raise at trial.

2. Plaintiff's Motion for Clarification **(DE #53)** is hereby **DENIED** without prejudice.

3. The Parties are hereby directed to file an updated and revised Joint Pretrial Stipulation containing all information required by S.D. Fla. Local Rule 16.1(e), as well as proposed jury instructions and a proposed jury verdict form on or before November 7, 2014.[4]

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 17th day of October, 2014.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

---

[4] Trial will be held on the two week trial calendar of December 1, 2014 in Key West. *See* Scheduling Order of June 3, 2013 (DE #5).